# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed December 7, 1910.

T. HOWARD EMBERT, ETC.,
VS.
JOSEPH T. ENGLAND ET AL.

T. H. Embert, Wm. M. Maloy and George M. Brady for plaintiffs.

Jos. Townsend England, Thos. H. Robinson and Isaac T. Parks, Jr., for defendants.

STOCKBRIDGE, J.—

The important question in this case is, whether or not a valid trust was created by the facts as alleged in the bill of complaint. That there was no legal gift inter vivos is admitted by the plaintiff; while the solicitors for the defendants concede that there is no objection in law to the creation of a valid, voluntary trust by parole, but insist that the facts as set out in the

bill do not measure up to the legal requirements for the creation of such a trust.

The allegations of the bill are, that on the 2nd of August 1890, Mr. George G. Farnandis gave to a Mrs. Wysham a package containing certain certificates of stock, upon which he had written, "I give the within stocks to Mrs. J. P. Wysham, 1721 Maryland avenue, Baltimore, Md. George G. Farnandis."

This was manifestly intended as a gift, not a declaration of trust, and the stocks not having been assigned by Mr. Farnandis or transferred on the books of the company, the dominion over them was not parted with by Mr. Farnandis, and the intended gift was inoperative, even though accompanied by the physical delivery of the certificates.

In 1897, at the request of Mr. Farnandis, the certificates were returned to him, and then the bill alleges that in the presence of witnesses Mr. Farnandis made the following declaration:

"These are yours. I will hold them for you. Of course I will turn the income over to you, and if anything happens to me, go to Mr. Robinson and he will see that you get the stocks."

In the case of Lloyd vs. Brooks, 34 Md. 27, it was held that the question whether there has been a declaration of trust or not, was one of fact, and that in determining this, the acts of the party and his intentions must be considered by the court. This principle was again reaffirmed in Snader vs. Slingluff, 95 Md. 364.

It has further been held in the Casualty Company case, 82 Md. 560, and in numerous other cases since, as late as Rube vs. Rube, Daily Record. November 5, 1910, that no technical terms or expressions are needed to create a trust: that it is sufficient if the language used shows such an intent, and even that the term trust was not a requisite if the declaration embodied the essential elements of a trust. Here we have a declaration of the supposed creator, that the certificates in question were held not for the benefit of himself, but of Mrs. Wysham, and that she was to receive the income from the stock during the life time of the settlor and at his death was to receive the stocks. It is further alleged that this declared purpose of Mr. Farnandis was carried out by him so long as he lived, by the payment to Mrs. Wysham of the dividends upon the stocks, thus giving her the beneficial enjoyment in accordance with the declaration alleged to have been made by him.

The only case in this State which seems to be at all at variance with the view thus expressed, is the case of Swan vs. Frick, 34 Md. 139, but a careful reading of the facts of that case will at once distinguish it from the present case.

Demurrer overruled.